IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 DEC 28 PM 4:18
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| WINSTON KU,<br>　　　　　　Plaintiff | § § § § | |
| v. | § § | |
| AUSTIN CONVENTION CONDOMINIUM ASSOCIATION, INC.; AUSTIN CONVENTION ENTERPRISES, INC.; HILTON HOTEL CORPORATION; THE 5 FIFTY FIVE CONDOMINIUM ASSOCIATION, INC.; GERARD SCHNEYER, AN INDIVIDUAL A/K/A JERRY SCHNEYER,<br>　　　　　　Defendant | § § § § § § § § § § § § | Civil Action No. A 09 CA 758 SS |

## DEFENDANT AUSTIN CONVENTION ENTERPRISES, INC.'S THIRD PARTY COMPLAINT

Austin Convention Enterprises, Inc. ("ACE") files this third party complaint and sues Landmark Organization L.P., Landmark Organization Inc., Landmark Constructors, Inc., FaulknerUSA L.P, FaulknerUSA GP Inc., FaulknerUSA Acquisitions L.L.P., BDA 555 Management, L.L.C., H.L. Hotels, L.P., Hotel Corporation of America, Inc., Neches Street Partners, L.P., Baker Concrete Construction, Inc., Dynamic Systems, Inc., Ellerbe Becket, Inc., Levien-Rich Associates, Inc., and All Star Specialty Construction, Inc., f/k/a Allstar Residential, Inc., and Journeyman Construction, Inc., successor to Journeyman Company, Inc., and Journeyman Construction, L.P. ACE would show the following:

## I.
## Parties

1. Winston Ku is the plaintiff. Mr. Ku, in his petition alleges he is a California resident, a claim which Defendant denies. In fact, Mr. Ku was a Texas resident at the time of the filing on his suit, and is the owner of 2 residential apartments, #525 and #527, at the 555 Condominiums in Austin, Texas.

2. Austin Convention Enterprises, Inc. ("ACE") is a defendant in this case and has been served, made an appearance, and answered.

3. Defendants Austin Convention Condominium Association, Hilton Hotels, The Five Fifty Five Condominium Association and Gerard Schneyer are defendants in this case and have been served and made an appearance.

4. Landmark Organization L.P, Landmark Constructors Inc. and Landmark Organization Inc. are related entities and referred to as "Landmark" in this pleading. FaulknerUSA, L.P, FaulknerUSA GP, Inc., and FaulknerUSA Acquisitions, L.L.C. are related entities referred to as "FaulknerUSA" in this pleading.

5. Third Party Defendant Landmark Organization L.P may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

6. Third Party Defendant Landmark Constructors, Inc. may be served by its registered agent, W. Lee Choate, 7928 El Dorado Dr., Austin, Texas 78737 or Jerry Minyard, 1750 Edson Drive, Beaumont, Texas 77706.

7. Third Party Defendant Landmark Organization Inc. may be served by its registered agent, W. Lee Choate, 7928 El Dorado Dr., Austin, Texas 78737.

8. Third Party Defendant FaulknerUSA, L.P may be served by its registered

agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

9. Third Party Defendant FaulknerUSA, GP, Inc. may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

10. Third Party Defendant FaulknerUSA, Acquisitions, L.L.C. may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

11. Third Party Defendant BDA 555 Management, L.L.C. may be served by serving its registered agent, Jeffrey Blatt, located at 500 W. 6th Street, Suite 102, Austin, Texas 78701.

12. The Landmark and FaulknerUSA defendants and BDA 555 Management, L.L.C. are all incorporated in or have a principal place of business in Texas.

13. Defendant H.L. Hotels L.P is a corporation whose principal place of business is in Texas and who may be served by serving it registered agent, W. Lee Choate, 93, Red River, Austin, Texas 78701

14. Defendant Hotel Corporation of America, Inc. is a corporation whose principal place of business is Texas and who may be served by serving its registered agent, Lisa J. Houston, 535 E. 5th Street, Austin, Texas 78701.

15. Defendant Neches Street Partners L.P is a limited partnership whose principal place of business is Texas and who may be served by serving its registered agent, Lisa J. Houston, 535 E. 5th Street, Austin, Texas 78701.

16. Defendant Baker Concrete Construction, Inc ("Baker) is a Texas Corporation who may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

17. Defendant Dynamic Systems Inc. ("DSI") is a corporation whose principal place of business is Texas and who may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

18. Defendant Ellerbe Becket Inc. ("Ellerbe Becket") is a corporation whose principal place of business is Texas and who may be served by serving its registered agent, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

19. Defendant, Levien-Rich Associates ("Levien-Rich") is a foreign corporation organized under the law of New York and whose principal office is located at 523 Fifth Avenue, Pelham, New York 10803. The Corporation charter may have been forfeited in 2006. This Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin Texas 78701.

20. Defendant All Star Specialty Construction f/k/a Allstar Residential, Inc. and Defendants Journeyman Company, Inc and Journeyman Construction, L.P, (Collectively "Allstar") are entities whose principal place of business is Texas. Each may be served by serving their registered agent, Senthil "Sam" Kumar, 7701 N. Lamar, Suite 100, Austin, Texas 78752.

21. Defendants H.L. Hotels, L.P, Hotel Corporation of America, Inc. and Neches Street Partners are collectively referred to as "Neches"

22. On information and belief, Defendants Baker Concrete Construction, Inc., Dynamic Systems, Inc., Ellerbe Becket, Inc., Levien-Rich Associates, Inc., All Star Specialty Construction Journeyman Company, Inc, Journeyman Construction, L.P. all served as designers or subcontractors to Landmark,

Faulkner, or Neches on components of the building complained of by Plaintiff Ku. Collectively, they are referred to as "The Condo Subcontractors"

## II.
## Jurisidiction

23. Plaintiff Ku has alleged diversity jurisdiction exists in this case, a claim Defendants dispute because Ku and at least one of the Defendants are both citizens of Texas. Defendant has previously filed a motion to dismiss on these grounds. That motion was denied. If diversity jurisdiction exists, the Court has jurisdiction over the Third-Party Defendant, because all the Third Party Defendants are citizens of Texas. The amount in controversy exceeds $75,000.

24. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because all of the events giving rise to this claim occurred in this district. All actions described in this petition took place in Austin, Travis County, Texas, which is located in the Western District of Texas.

## III.
## Facts and Cross Claims

25. Plaintiff Ku resides at the 555 Condominiums in Austin, Texas.

26. The 555 Condominiums are part of the Neches Hotel Condominiums, which is a mixed commercial and residential project.

27. Mr. Ku's units, #525 and #527 are located in the Neches Hotel Condominiums.

28. Neches Hotel Condominiums, including Mr. Ku's units, was developed and built by FaulknerUSA, Landmark, and Neches.

29. FaulknerUSA, Landmark, and Neches are associated companies.

30. FaulknerUSA, Landmark and Neches have shared a variety of officers and corporate personnel, including Mark F. Schultz.

31. Plaintiff Ku has alleged that there was defective construction in the construction of the Neches Hotel Condominiums in Austin, Texas ("the Condo Project"), including construction or design defects in the two condominium units he owns in the Condo Project.

32. According to the pleading of Plaintiff Ku, the construction defects led to the following issues of which Plaintiff Ku complains of:

   a. Water penetration and mold;

   b. Floors defectively constructed;

   c. Plumbing and drainage systems that were defectively, inadequately, or improperly constructed;

   d. Damage to the interior of condominiums units as a result of water penetration;

   e. Improper exhaust ventilation and lack of proper sound proofing resulting in excessive noise in the condominium units; and

   f. Defective construction resulting in excessive noise or other problems in the Condo Project.

33. Employees or contractors of FaulknerUSA, Landmark, or Neches have investigated or examined alleged water leaks in Mr. Ku's two units.

34. FaulknerUSA, Landmark, or Neches was informed by its employees or contracts that FaulknerUSA's, Landmark's, or Neches or their employees or contractors

work, including the Condo Subcontractors work, on components of the Condo project that Plaintiff Ku complains of was improperly or defectively performed.

35. FaulknerUSA, Landmark, or Neches or the Condo Subcontractors designed or constructed all of the components of the Condo Project that Plaintiff Ku complains of.

36. ACE contracted with and paid FaulknerUSA, Landmark, Neches for the construction of the components of the Condo Project that Plaintiff Ku complains of.

37. BDA 555 Management, L.L.C. had a duty to construct and monitor the Condo Project, including those components of the Condo Project that Plaintiff Ku complains of.

38. ACE paid BDA 555 Management, L.L.C. for the monitoring of construction of the Condo Project, including those components of the Condo Project that Plaintiff Ku complains of.

39. ACE filed this third party action against Landmark, FaulknerUSA, Neches, The Condo Subcontractors, and BDA 555 Management, L.L.C., and would show that those parties were responsible for any and all construction defects in the Condo Project complained of by Plaintiff Ku and all resulting damage.

## A. NEGLIGENCE CLAIMS

40. Defendant realleges and incorporates by reference the facts and allegations contained in the aforementioned paragraph nos. 1 - 40 as if set forth herein verbatim.

41. Landmark, FaulknerUSA, Neches, the Condo Subcontractors, and BDA 555 Management, L.L.C. had duties to construct and monitor the Condo Project in accordance with industry standards and generally acceptable construction practices applicable to their respective trades. Moreover, these defendants had duties to exercise ordinary care, including the ordinary care and prudence that a professional practicing in Central Texas would have done under the same or similar circumstances.

42. ACE files this cause of action and sues on these claims against Landmark, FaulknerUSA, Neches, The Condo Subcontractors, and BDA 555 Management, L.L.C., stating that any construction defects resulting in damage to the Condo Project, including the entire 5th and 6th floor of the Condo Project and any other floor of the Condo Project on which there is a defect, or to the respective owners of the condominiums, including allegations of damage to personal property and other damages by Plaintiff Ku, were proximately caused by the negligence of Landmark, FaulknerUSA, Neches, The Condo Subcontractors or BDA 555 Management, L.L.C., or the failure of Landmark, FaulknerUSA, Neches, The Condo Subcontractors or BDA 555 Management, L.L.C. to exercise the duty of care applicable to their respective trade or practice and that Landmark, FaulknerUSA, Neches, The Condo Subcontractors or BDA 555 Management, L.L.C. are liable for the damages proximately caused by their negligence.

### B. BREACH OF CONTRACT CLAIMS

43. Defendant realleges and incorporates by reference the facts and allegations contained in the aforementioned paragraph nos. 1-39 as if set forth herein

verbatim.

44. Landmark and FaulknerUSA had duties, under contract with ACE or others, to construct the Condo Project in accordance with the Condo Project's construction documents, including construction plans, specifications, and other contract documents, and to properly monitor or inspect construction and report material deviations from the construction documents. Further, Landmark and FaulknerUSA warranted that any work would be performed in a diligent and careful manner, using commercially reasonable standards of care and in compliance with all applicable laws.

45. ACE files this cause of action and sues Landmark and Faulkner USA on its claims for these breaches of contract, in that any construction defect in the project resulting in damages, including damage to personal property, or other damages by Plaintiff Ku to the Condo Project, including the entire 5th and 6th floor of the Condo Project and any other floor of the Condo Project in which a breach may have occurred, or the respective owners of the condominiums, including Plaintiff Ku, resulted from Landmark's and FaulknerUSA's failure:

   a. to construct the Condo Project in a diligent or careful manner or in a professional manner, using commercially reasonable standards of care and in compliance with all applicable laws;

   b. to construct the Condo Project in accordance with the Condo Project's construction documents; or

   c. to properly inspect work or report material construction deviations.

46. Landmark and FaulknerUSA are responsible for the damages arising from their

breach of contract.

## C. BREACH OF WARRANTY CLAIMS

47. Defendant realleges and incorporates by reference the facts and allegations contained in the aforementioned paragraph nos.1-39 as if set forth herein verbatim.

48. Landmark and FaulknerUSA warranted to ACE that, among other things, the Condo Project would be constructed in a good and workmanlike manner and completed free of defects. Landmark and FaulknerUSA also warranted the Condo Project in accordance with the Condo project requirements and documents. Landmark and FaulknerUSA further agreed to obtain similar warranties from subcontractors, sub-subcontractors, and vendors.

49. ACE files the cause of action and sues Landmark and FaulknerUSA on its claims that any construction defects in the Condo Project resulting in damage to the Condo Project, including damage to the entire 5th and 6th floor of the Condo Project and any other floor of the Condo Project where the warranty may have been breached, or to the respective owners of the condominiums, including claims raised by Plaintiff Ku, resulted from breaches of these warranties, express or implied, by Landmark and FaulknerUSA, or resulted from Landmark's and FaulknerUSA's subcontractors, sub-subcontractors, or vendors.

50. Additionally, Landmark's or FaulknerUSA's failure to correct defective work and cure defective components of construction on the Condo Project, including the failure to correct work or components complained of by Plaintiff Ku, is an additional breach of the warranties of Landmark or FaulknerUSA.

51. Landmark and FaulknerUSA are liable for all resulting damages arising from their breaches of warranty.

## D. CLAIM FOR CONTRIBUTION

52. Defendant realleges and incorporates by reference the facts and allegations contained in the aforementioned paragraph nos. 1-39 as if set forth herein verbatim.

53. ACE further cross claims against Landmark, FaulknerUSA, Neches, The Condo Subcontractors, and BDA 555 Management, L.L.C. for contribution and requests a determination of the proportionate responsibility of the parties under the method described in Chapter 34, Texas Civil Practices and Remedies Code.

## E. CLAIM FOR INDEMNITY

54. Defendant realleges and incorporates by reference the facts and allegations contained in the aforementioned paragraph nos. 1-39 as if set forth herein verbatim.

55. ACE further cross claims that Landmark and FaulknerUSA have agreed to hold harmless and indemnify ACE from and against all acts and omissions of Landmark and FaulknerUSA, their consultants, subcontractors, and subcontractors and any of their respective agents and employees performing any portion of the work on the Condo Project.

56. ACE seeks indemnity from Landmark and FaulknerUSA under the terms of their indemnity agreement.

## F. CLAIM FOR ATTORNEY'S FEES AND COSTS

57. Defendant realleges and incorporate by reference the facts and allegations

contained in the aforementioned paragraph nos. 1-39 as if set forth herein verbatim.

58. ACE further cross claims these defendants for its reasonable and necessary attorney's fees and court costs.

### G. OTHER CLAIMS AGAINST FAULKNER, LANDMARK, NECHES AND THE CONDO SUBCONTRACTORS

59. Defendant realleges and incorporated by reference the facts and allegations contained in the aforementioned paragraphs as if set forth herein verbatim.

60. Additionally, Landmark, FaulknerUSA, Neches had duties to construct and monitor the construction of the Condo Project parking garage. Landmark and FaulknerUSA have failed to comply with this duty in accordance with industry standards and generally acceptable construction practices applicable to their respective trades.

61. Specifically, Landmark, FaulknerUSA, and Neches' and their subcontractors'(including The Condo Subcontractors) construction and monitoring of construction related to the hot water supply system of the hotel component of the building in which The Condo Project is located, which manifest pipe movement that creates noise (pipe hammer) noticeable specifically on the 9th floor, but also throughout the entire structure. This defect is a breach of Landmark, FaulknerUSA, Neches and The Condo Subcontractor's duties.

62. Further, Landmark, FaulknerUSA, Neches' and their subcontractors' (including The Condo Subcontractors) construction of the parking garage located under the building in which the Condo Project is located now manifests water seepage into

the walls and joints of the garage, including on the lowest floors of the garage. This defect is also a breach of Landmark, FaulknerUSA, or Neches' duties.

63. Moreover, Landmark, FaulknerUSA, Neches and The Condo Subcontractors had duties to exercise ordinary care, including the ordinary care and prudence that a professional practicing in Central Texas would have done under the same or similar circumstances.

64. ACE now files this cause of action and sues these defendants stating that any construction defects resulting in damage to the building in which the Condo Project is located were proximately caused by the negligence of Landmark, Neches or FaulknerUSA or their subcontractors (including The Condo Subcontractors) or the failure of Landmark, Neches, or FaulknerUSA or their subcontractors (including The Condo Subcontractors) to exercise the duty of care applicable to their respective trade or practice and that Landmark, Neches or FaulknerUSA or their subcontractors (including The Condo Subcontractors) are liable for the damages proximately caused by their negligence.

65. Landmark and FaulknerUSA also had duties, under contract with ACE or others, to construct the building in which the Condo Project is located in accordance with the building's construction documents, including construction plans, specifications, and other contract documents, and to properly monitor or inspect construction and report material deviations from the construction documents. Further, Landmark and FaulknerUSA warranted that any work would be performed in a diligent and careful manner, using commercially reasonable standards of care and in compliance with all applicable laws.

66. Specifically, Landmark and Faulkner's and their subcontractors' (including The Condo Subcontractors) construction and monitoring of construction related to the hot water supply system of the hotel component of the building in which the Condo Project is located was deficient. The hot water pipe system manifests pipe movement that creates noise (pipe hammer) noticeable specifically on the 9th floor, but also throughout the entire structure. This is a breach of those contractual duties.

67. Further, Landmark and FaulknerUSA's and their subcontractors' (including The Condo Subcontractors) construction of the parking garage located under the building in which the Condo Project is located, now manifests water seepage into the walls and joints of the garage, including the lowest floors of the garage. This is also a breach of those contractual duties.

68. ACE files this cause of action and sues on these claims against Landmark and FaulknerUSA for these breaches of contract, in that any construction defect in the project resulting in damages to the building in which the Condo Project is located resulted from Landmark's and FaulknerUSA's failure:

   a. to construct the building in which the Condo Project is located in a diligent or careful manner or in a professional manner, using commercially reasonable standards of care and in compliance with all applicable laws;

   b. to construct the building in accordance with the building's construction documents; or

   c. to properly inspect work or report material construction deviations.

69. Landmark and FaulknerUSA are responsible for the damages arising from their breach of contract.

70. Landmark and FaulknerUSA warranted to ACE that, among other things, the building in which the Condo Project is located would be constructed in a good and workmanlike manner and completed free of defects. Landmark and FaulknerUSA also warranted the building in accordance with the building project requirements and documents.

71. Landmark and FaulknerUSA further agreed to obtain similar warranties from subcontractors, sub-subcontractors, and vendors, including the Condo Subcontractors.

72. Work not completed in a good and workmanlike manner and not completely free of defects has been described in paragraph nos. 1 – 71.

73. ACE files this cause of action and sues on claims against Landmark and FaulknerUSA for any construction defects in the building in which the Condo Project is located resulting in damage to the building or to the respective owners of the condominiums, resulted from breaches of these warranties, express or implied, by Landmark and FaulknerUSA, or resulted from Landmark's and FaulknerUSA's subcontractors, sub-subcontractors, or vendors, including The Condo Subcontractors.

74. Additionally, Landmark's or FaulknerUSA's failure to correct defective work and cure defective components of construction on the building in which the Condo Project is located is an additional breach of the warranties of Landmark or FaulknerUSA. Landmark and FaulknerUSA are liable for all resulting damages

arising from their breaches of warranty.

## H. OTHER ALLEGATIONS

75. ACE is not required to file a certificate of merit in this matter. If Landmark, Neches, FaulknerUSA, The Condo Subcontractors, or BDA 555 Management, L.L.C. claims a certificate of merit is needed, a certificate of merit could not be prepared because of the impending statute of limitations. ACE may seek to extend the deadline to procure a certificate of merit against any engineers in this matter should one be required.

76. All conditions precedent to ACE's right of recovery have been performed, have occurred, or have been waived. Further, any claim of limitations barring any cause of action is invalid. Specifically, under the facts described by Plaintiffs Ku's petition, the discovery rule would delay the accrual of the causes of action described in this petition because the claimant could not have known or in the exercise of reasonable diligence should have known of the wrongful acts alleged against the third party defendants and the resulting injury.

## IV.
## Relief Requested

ACE asks that this Court award ACE:

a. All damages to which it is entitled against Landmark, FaulknerUSA, Neches, The Condo Subcontractors and BDA 555 Management, L.L.C.;

b. All attorneys' fees allowed under law or contract;

c. All pre-judgment and post-judgment interest allowed by law or contract; and

d. All other relief allowed at law or equity.

ALLENSWORTH AND PORTER, L.L.P.
620 Congress Avenue, Suite 100
Austin, Texas 78701
(512) 708-1250 Telephone
(512) 708-0519 Facsimile

By: _____
W. Wade Porter
State Bar No. 16156700
Christopher A. Griesel
State Bar No. 08454425
***ATTORNEYS FOR DEFENDANT AUSTIN CONVENTION ENTERPRISES, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, on the 28th day of December 2009, to the following:

Lonnie Chun
Chunn, Price, Harris
19115 FM 2252, Suite 11
San Antonio, Texas 78266

Matthew Baumgartner
Preston Randall
Graves, Dougherty, Hearon & Moody
401 Congress Avenue, Suite 2200
Austin, Texas 78701

and I hereby certify that I have mailed by United States Certified Mail, return receipt requested and e-mailed the document to the following:

Winston Ku
555 East 5th St. # 525
Austin, Texas 78701
*winnietheku@earthlink.net*

Winston Ku
445 Island Ave. # 510
San Diego, California 92101

_____
W. Wade Porter