IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WINSTON KU, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| AUSTIN CONVENTION CONDOMINIUM | § | |
| ASSOCIATION, INC.; AUSTIN | § | Civil Action No. A 09 CA 758 SS |
| CONVENTION ENTERPRISES, INC.; | § | |
| HILTON HOTEL CORPORATION; | § | |
| THE 5 FIFTY FIVE CONDOMINIUM | § | |
| ASSOCIATION, INC.; GERARD | § | |
| SCHNEYER, AN INDIVIDUAL A/K/A | § | |
| JERRY SCHNEYER, | § | |
| | § | |
| Defendant | § | |

## DEFENDANT HILTON HOTEL CORPORATION'S
## THIRD PARTY COMPLAINT

Hilton Hotel Corporation ("Hilton") files this third party complaint and sues Landmark Organization L.P., Landmark Organization Inc., Landmark Constructors, Inc., FaulknerUSA L.P, FaulknerUSA GP Inc., FaulknerUSA Acquisitions L.L.P., BDA 555 Management, L.L.C., H.L. Hotels, L.P., Hotel Corporation of America, Inc., Neches Street Partners, L.P., Baker Concrete Construction, Inc., Dynamic Systems, Inc., Ellerbe Becket, Inc., Levien-Rich Associates, Inc., and All Star Specialty Construction, Inc., f/k/a Allstar Residential, Inc., and Journeyman Construction, Inc., successor to Journeyman Company, Inc., and Journeyman Construction, L.P. Hilton would show the following:

# I.
# Parties

1. Winston Ku is the plaintiff. Mr. Ku, in his petition alleges he is a California resident, a claim which Defendant denies. In fact, Mr. Ku was a Texas resident at the time of the filing on his suit, and is the owner of 2 residential apartments, #525 and #527, at the 555 Condominiums in Austin, Texas.

2. Hilton Hotel Corporation ("Hilton") is a defendant in this case and has been served, made an appearance, and answered.

3. Defendants Austin Convention Condominium Association, Austin Convention Enterprises, Inc., The Five Fifty Five Condominium Association and Gerard Schneyer are defendants in this case and have been served and made an appearance.

4. Landmark Organization L.P, Landmark Constructors Inc. and Landmark Organization Inc. are related entities and referred to as "Landmark" in this pleading. FaulknerUSA, L.P, FaulknerUSA GP, Inc., and FaulknerUSA Acquisitions, L.L.C. are related entities referred to as "FaulknerUSA" in this pleading.

5. Third Party Defendant Landmark Organization L.P may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

6. Third Party Defendant Landmark Constructors, Inc. may be served by its registered agent, W. Lee Choate, 7928 El Dorado Dr., Austin, Texas 78737 or Jerry Minyard, 1750 Edson Drive, Beaumont, Texas 77706.

7. Third Party Defendant Landmark Organization Inc. may be served by its registered agent, W. Lee Choate, 7928 El Dorado Dr., Austin, Texas 78737.

8. Third Party Defendant FaulknerUSA, L.P may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

9. Third Party Defendant FaulknerUSA, GP, Inc. may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

10. Third Party Defendant FaulknerUSA, Acquisitions, L.L.C. may be served by its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

11. Third Party Defendant BDA 555 Management, L.L.C. may be served by serving its registered agent, Jeffrey Blatt, located at 500 W. 6th Street, Suite 102, Austin, Texas 78701.

12. The Landmark and FaulknerUSA defendants and BDA 555 Management, L.L.C. are all incorporated in or have a principal place of business in Texas.

13. Defendant H.L. Hotels L.P is a corporation whose principal place of business is in Texas and who may be served by serving it registered agent, W. Lee Choate, 93, Red River, Austin, Texas 78701

14. Defendant Hotel Corporation of America, Inc. is a corporation whose principal place of business is Texas and who may be served by serving its registered agent, Lisa J. Houston, 535 E. 5th Street, Austin, Texas 78701.

15. Defendant Neches Street Partners L.P is a limited partnership whose principal place of business is Texas and who may be served by serving its registered agent, Lisa J. Houston, 535 E. 5th Street, Austin, Texas 78701.

16. Defendant Baker Concrete Construction, Inc ("Baker) is a Texas Corporation who may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

17. Defendant Dynamic Systems Inc. ("DSI") is a corporation whose principal place of business is Texas and who may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

18. Defendant Ellerbe Becket Inc. ("Ellerbe Becket") is a corporation whose principal place of business is Texas and who may be served by serving its registered agent, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

19. Defendant, Levien-Rich Associates ("Levien-Rich") is a foreign corporation organized under the law of New York and whose principal office is located at 523 Fifth Avenue, Pelham, New York 10803. The Corporation charter may have been forfeited in 2006. This Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin Texas 78701.

20. Defendant All Star Specialty Construction f/k/a Allstar Residential, Inc. and Defendants Journeyman Company, Inc and Journeyman Construction, L.P, (Collectively "Allstar") are entities whose principal place of business is Texas. Each may be served by serving their registered agent, Senthil "Sam" Kumar, 7701 N. Lamar, Suite 100, Austin, Texas 78752.

21. Defendants H.L. Hotels, L.P, Hotel Corporation of America, Inc. and Neches Street Partners are collectively referred to as "Neches"

22. On information and belief, Defendants Baker Concrete Construction, Inc., Dynamic Systems, Inc., Ellerbe Becket, Inc., Levien-Rich Associates, Inc., All Star Specialty Construction Journeyman Company, Inc, Journeyman Construction, L.P. all served as designers or subcontractors to Landmark,

Faulkner, or Neches on components of the building complained of by Plaintiff Ku. Collectively, they are referred to as "The Condo Subcontractors"

## II.
## Jurisidiction

23. Plaintiff Ku has alleged diversity jurisdiction exists in this case, a claim Defendants dispute because Ku and at least one of the Defendants are both citizens of Texas. Defendant has previously filed a motion to dismiss on these grounds. That motion was denied. If diversity jurisdiction exists, the Court has jurisdiction over the Third-Party Defendant, because all the Third Party Defendants are citizens of Texas. The amount in controversy exceeds $75,000.

24. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because all of the events giving rise to this claim occurred in this district. All actions described in this petition took place in Austin, Travis County, Texas, which is located in the Western District of Texas.

## III.
## Facts and Cross Claims

25. Plaintiff Ku resides at the 555 Condominiums in Austin, Texas.

26. The 555 Condominiums are part of the Neches Hotel Condominiums, which is a mixed commercial and residential project.

27. Mr. Ku's units, #525 and #527 are located in the Neches Hotel Condominiums.

28. Neches Hotel Condominiums, including Mr. Ku's units, was developed and built by FaulknerUSA, Landmark, and Neches.

29. FaulknerUSA, Landmark, and Neches are associated companies.

30. FaulknerUSA, Landmark and Neches have shared a variety of officers and corporate personnel, including Mark F. Schultz.

31. Plaintiff Ku has alleged that there was defective construction in the construction of the Neches Hotel Condominiums in Austin, Texas ("the Condo Project"), including construction or design defects in the two condominium units he owns in the Condo Project. Ku has sued Hilton for these design defects, under a variety of theories, including Breach of Contract, DTPA, Conspiracy, Negligence, Nuisance and Intentional Infliction of Emotional Distress.

32. According to the pleading of Plaintiff Ku, the construction defects led to the following issues of which Plaintiff Ku complains of:

   a. Water penetration and mold;

   b. Floors defectively constructed;

   c. Plumbing and drainage systems that were defectively, inadequately, or improperly constructed;

   d. Damage to the interior of condominiums units as a result of water penetration;

   e. Improper exhaust ventilation and lack of proper sound proofing resulting in excessive noise in the condominium units; and

   f. Defective construction resulting in excessive noise or other problems in the Condo Project.

33. Employees or contractors of FaulknerUSA, Landmark, or Neches have investigated or examined alleged water leaks in Mr. Ku's two units.

34. FaulknerUSA, Landmark, or Neches was informed by its employees or contracts that FaulknerUSA's, Landmark's, or Neches or their employees or contractors work, including the Condo Subcontractors work, on components of the Condo project that Plaintiff Ku complains of was improperly or defectively performed.

35. FaulknerUSA, Landmark, or Neches or the Condo Subcontractors designed or constructed all of the components of the Condo Project that Plaintiff Ku complains of.

36. Austin Convention Enterprises contracted with and paid FaulknerUSA, Landmark, Neches for the construction of the components of the Condo Project that Plaintiff Ku complains of.

37. BDA 555 Management, L.L.C. had a duty to construct and monitor the Condo Project, including those components of the Condo Project that Plaintiff Ku complains of.

38. Austin Convention Enterprises paid BDA 555 Management, L.L.C. for the monitoring of construction of the Condo Project, including those components of the Condo Project that Plaintiff Ku complains of.

39. Hilton filed this third party action against Landmark, FaulknerUSA, Neches, The Condo Subcontractors, and BDA 555 Management, L.L.C., and would show that those parties were responsible for any and all construction defects in the Condo Project complained of by Plaintiff Ku and all resulting damage.

### A. CLAIM FOR CONTRIBUTION

40. Defendant realleges and incorporates by reference the facts and allegations contained in the aforementioned paragraph nos. 1-39 as if set forth herein

verbatim.

41. Hilton cross claims against Third Party Defendants, Landmark, FaulknerUSA, Neches, The Condo Subcontractors, and BDA 555 Management, L.L.C. for contribution and requests a determination of the proportionate responsibility of the parties under the method described in Chapter 34, Texas Civil Practices and Remedies Code.

### B. CLAIM FOR ATTORNEY'S FEES AND COSTS

42. Defendant realleges and incorporate by reference the facts and allegations contained in the aforementioned paragraph nos. 1-39 as if set forth herein verbatim.

43. Hilton further cross claims these defendants for its reasonable and necessary attorney's fees and court costs.

### C. OTHER ALLEGATIONS

44. Hilton is not required to file a certificate of merit in this matter. If Landmark, Neches, FaulknerUSA, The Condo Subcontractors, or BDA 555 Management, L.L.C. claims a certificate of merit is needed, a certificate of merit could not be prepared because of the impending statute of limitations. Hilton may seek to extend the deadline to procure a certificate of merit against any engineers in this matter should one be required.

45. All conditions precedent to Hilton's right of recovery have been performed, have occurred, or have been waived. Further, any claim of limitations barring any cause of action is invalid. Specifically, under the facts described by Plaintiffs Ku's petition, the discovery rule would delay the accrual of the causes of action

described in this petition because the claimant could not have known or in the exercise of reasonable diligence should have known of the wrongful acts alleged against the third party defendants and the resulting injury.

## IV.
## Relief Requested

Hilton asks that this Court award Hilton:

a.  All damages to which it is entitled against Landmark, FaulknerUSA, Neches, The Condo Subcontractors and BDA 555 Management, L.L.C.;

b.  All attorneys' fees allowed under law;

c.  All pre-judgment and post-judgment interest allowed by law; and

d.  All other relief allowed at law or equity.

> ALLENSWORTH AND PORTER, L.L.P.
> 620 Congress Avenue, Suite 100
> Austin, Texas 78701
> (512) 708-1250 Telephone
> (512) 708-0519 Facsimile
>
> By: _____
> W. Wade Porter
> State Bar No. 16156700
> Christopher A. Griesel
> State Bar No. 08454425
> ***ATTORNEYS FOR DEFENDANT AUSTIN CONVENTION ENTERPRISES, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, on the 28th day of December 2009, to the following:

Lonnie Chun
Chunn, Price, Harris
19115 FM 2252, Suite 11
San Antonio, Texas 78266

Matthew Baumgartner
Preston Randall
Graves, Dougherty, Hearon & Moody
401 Congress Avenue, Suite 2200
Austin, Texas 78701

and I hereby certify that I have mailed by United States Certified Mail, return receipt requested and e-mailed the document to the following non-CM/ECF participants:

Winston Ku
555 East 5th St. # 525
Austin, Texas 78701
*winnietheku@earthlink.net*

Winston Ku
445 Island Ave. # 510
San Diego, California 92101

_____
W. Wade Porter