

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WINSTON KU, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. A 09 CA 758 SS |
| AUSTIN CONVENTION CONDOMINIUM § | |
| ASSOCIATION, INC.; AUSTIN CONVENTION § | |
| ENTERPRISES, INC.; THE 5 FIFTY FIVE § | |
| CONDOMINIUM ASSOCIATION, INC.; § | |
| GERARD SCHNEYER, AN INDIVIDUAL A/K/A § | |
| JERRY SCHNEYER § | |
| § | |
| Defendants. § | |

## DEFENDANT AUSTIN CONVENTION CONDOMINIUM ASSOCIATION, INC.'S THIRD PARTY COMPLAINT

Defendant Austin Convention Condominium Association, Inc. ("ACCA") files this its Third Party Complaint ("Complaint") and would respectfully show:

### I.
### PARTIES

1. Mr. Winston Ku is the Plaintiff and owns residences at 445 Island Avenue, #510, San Diego, CA 92101 and at The 555 Condominiums, 555 East 5th Street, Austin, Texas, 78701, # 525 and #527. Units #525 and #527 of the The 555 Condominiums are located within the building known as Neches Hotel Condominiums ("NHC"). Mr. Ku claims to be a California resident, but ACCA denies this.

2. ACCA is a Defendant in this case and has been served, made an appearance and answered.

3. Austin Convention Enterprises, Inc. ("ACE"), Hilton Hotel Corporation ("Hilton"), The Five Fifty Five Condominium Association ("555 COA"), and Gerard Schneyer ('Schneyer") are also Defendants in this case and have been served and have made their appearances.

4. Third Party Defendant Landmark Organization, Inc. is incorporated in Texas or has a principal place of business in Texas, and may be served by serving its registered agent, W. Lee Choate, 7928 El Dorado Dr., Austin, Texas 78737.

5. Third Party Defendant Landmark Organization, L.P. is incorporated in Texas or has a principal place of business in Texas, and may be served by serving its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

6. Third Party Defendant Landmark Constructors, Inc. is incorporated in Texas or has a principal place of business in Texas, and may be served by serving its registered agent, W. Lee Choate, 7928 El Dorado Dr., Austin, Texas 78737, or Jerry Minyard, 1750 Edson Drive, Beaumont, Texas 77706.

7. Third Party Defendant FaulknerUSA L.P. is incorporated in Texas or has a principal place of business in Texas, and may be served by serving its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

8. Third Party Defendant FaulknerUSA GP, Inc. is incorporated in Texas or has a principal place of business in Texas, and may be served by serving its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

9. Third Party Defendant FaulknerUSA Acquisitions, L.L.C. is incorporated in Texas or has a principal place of business in Texas, and may be served by serving its registered agent, Edgar A. Cardenas, 535 E. 5th Street, Austin, Texas 78701.

10. Third Party Defendant All Star Specialty Construction, Inc., formerly known as All Star Residential, Inc., maintains a principal place of business in Texas and may be served by serving its registered agent Senthil "サム" Kumar, 7701 N. Lamar, Suite 100, Austin, Texas 78752.

11. Third Party Defendant Journeyman Construction, Inc., successor in interest to Journeyman Construction L.P. and Journeyman Company Inc., maintains a principal place of business in Texas and may be served by serving its registered agent, Senthil "Sam" Kumar, 7701 N. Lamar, Suite 100, Austin, Texas 78752.

12. Third Party Defendant H.L. Hotels, L.P. maintains a principal place of business in Texas and may be served by serving its registered agent, W. Lee Choate, 93 Red River, Austin, Texas 78701.

13. Third Party Defendant Hotel Corporations of America, Inc. maintains a principal place of business in Texas and may be served by serving its registered agent, Lisa J. Houston, 535 E. 5th Street, Austin, Texas 78701.

14. Third Party Defendant Neches Street Partners, L.P. maintains a principal place of business in Texas and may be served by serving its registered agent, Lisa J. Houston, 535 E. 5th Street, Austin, Texas 78701.

15. Third Party Defendant Baker Concrete Construction, Inc. ("Baker") is a Texas Corporation who may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

16. Third Party Defendant Dynamic Systems, Inc. ("DSI") maintains a principal place of business in Texas and may be served by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

17. Third Party Defendant Ellerbe Becket Inc. ("Ellerbe Becket") maintains a principal place of business in Texas and its registered agent is CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201. Ellerbe Becket is represented by counsel in this matter, and has requested service through its counsel, Casey Dobson, Esq.

18. Third Party Defendant Levien-Rich Associates, Inc. ("Levien-Rich") is a foreign corporation organized under the laws of the State of New York, and whose principal place of business is 532 Fifth Avenue, Pelham, New York 10803, Westchester County, New York. The corporation's charter appears to have been forfeited on or around February, 2006. Levien-Rich may be served by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because its corporate charter has been forfeited.

19. Third Party Defendant S.T.G. Design, Inc. ("STG") is a Texas corporation with a principal place of business in Texas, and may be served by serving its registered agent, Darryl Wilson, 1702 Evergreen, Austin, Texas 78704.

20. Third Party Defendant BDA 555 Management, L.L.C. ("BDA 555 Management") is a Texas corporation, and may be served by serving its registered agent, Jeffrey Blatt, located at 500 W. 6th Street, Suite 102, Austin, Texas 78701.

21.     Landmark Organization L.P., Landmark Constructors Inc. and Landmark Organization Inc. are collectively referred to as "Landmark." FaulknerUSA, L.P., FaulknerUSA GP, Inc., and FaulknerUSA Acquisitions, L.L.C. are collectively referred to as "FaulknerUSA." H.L. Hotels L.P., Hotel Corporation of America Inc., and Neches Street Partners L.P. are collectively referred to as "Neches." All Star Specialty Construction, Inc. and Journeyman Construction Inc. are referred to collectively as "All Star."

## II.
## JURISDICTION & VENUE

22.     Plaintiff Ku has alleged diversity jurisdiction, a claim disputed by ACCA and other Defendants, because Ku and at least one Defendant are both Texas residents. The Court has denied, without prejudice to refilling, ACCA's and other Defendants' respective motions to dismiss for lack of diversity jurisdiction. If, and to the extent that, the Court finds that the requirements of federal diversity jurisdiction exist over Plaintiff's claims, this Court has jurisdiction to decide ACCA's Third Party Complaint. The amount put in controversy by this Complaint exceeds $75,000.

23.     Venue is proper is this district under 28 U.S.C. § 1391(a)(2) because all of the events giving rise to this claim occurred in this district. All actions described in this Complaint occurred in Austin, Travis County, Texas, which is located within the Western District of Texas.

## III.
## CLAIMS AGAINST THIRD PARTIES (CROSSCLAIMS)

### A.
### FACTUAL BACKGROUND

24.     Plaintiff's lawsuit alleges damages to two residential condominium units at the 555 Condominiums. The 555 Condominiums make up one part – the Residential Unit – of the

*Defendant ACCA's Third Party Complaint*

Neches Hotel Condominiums ("NHC" or "NHC building"), a mixed-used commercial and residential condominium project. The other parts of the NHC include a Hotel Unit, and a Retail Unit. The NHC was developed and built by Landmark, FaulknerUSA and Neches. BDA 555 Management was organized and created for the purpose of procuring and monitoring the construction of some or all of the NHC building, including the portions of which Plaintiff Ku complains.

25. Landmark, FaulknerUSA and Neches are associated entities, and have shared officers, directors, other corporate personnel and employees, including Mark F. Schultz.

26. Third Party Defendants DSI, Baker, All Star, STG, Levien-Rich, and Ellerbe Becket (sometimes collectively referred to as "subcontractors") were engaged by Landmark, FaulknerUSA and/or Neches to perform design, construction and/or monitoring of construction work on the NHC building, including components of the building complained of by Plaintiff Ku.

27. Plaintiff alleges that the NHC building was designed and constructed with significant defects. Plaintiff's units are on the 5th floor of the NHC, one floor below the Hotel Unit's banquet kitchen room. Plaintiff alleges leaks from the kitchen floor into his units. In particular, Plaintiff alleges (1) floors and ceilings were defectively constructed such that substantial noise and water penetration into residential units occurs; (2) floors were defectively constructed without the necessary water barrier, leading to water penetration and mold; (3) plumbing and drainage systems inadequately or improperly designed and built; (4) improper exhaust ventilation and improper or nonexistent sound-proofing has resulted in excessive noise penetration into residential units; (5) improperly designed and constructed kitchen and banquet facilities in the Hotel Unit have resulted in excessive noise penetration into residential units.

28. FaulknerUSA, Landmark and/or Neches, with the assistance of the subcontractors, designed and constructed all of the components of the NHC building of which Plaintiff complains. BDA 555 Management had a duty to procure, and to monitor the construction of some portion of the NHC building project, including the portions of the Residential Unit of which Plaintiff Ku complains. ACCA was not responsible for procuring, monitoring or performing the design or construction of any of the components of the NHC building of which Plaintiff complains.

29. Defects in the design and construction of the NHC building, including those components of which Plaintiff complains, have led to water penetration from the sixth floor kitchen into the fifth floor residential units. As a result of these defects, ACCA has incurred and will continue to incur substantial costs related to maintaining the common areas between the fifth and sixth floors, and has been unable to effectively maintain such common areas. ACCA asserts the following claims related to these defects:

## B.
## BREACH OF CONTRACT

30. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-29.

31. ACCA was a contemplated beneficiary of construction agreements between ACE and Third Party Defendants Landmark, FaulknerUSA and/or Neches, for the construction of the NHC building. Landmark, FaulknerUSA and/or Neches therefore had duties to ACCA to (1) construct the NHC building in accordance with the applicable plans, specifications, and contract documents and (2) to properly monitor or inspect construction and report any material deviations from the plans, specifications, and contract documents, and (3) to perform all work on the NHC

*Defendant ACCA's Third Party Complaint*

building in a diligent and careful manner, using the prevailing commercially reasonable standards of care applicable to the construction industry.

32. The construction defects of NHC alleged in this lawsuit resulted from Landmark's, FaulknerUSA's and/or Neches' breaches of contractual duties described herein. Any damages resulting to Plaintiff Ku, including without limitation any damages to his personal property, resulted from Landmark's, FaulknerUSA's, and/or Neches' breach of their contractual duties. In addition, Landmark, FaulknerUSA and/or Neches, are responsible to ACCA for damages it has suffered and continues to suffer as a result of the construction defects caused by Landmark, FaulknerUSA, and/or Neches.

## C.
## BREACH OF WARRANTY

33. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-32.

34. Landmark, FaulknerUSA and/or Neches warranted to ACCA that, among other things, the NHC building would be constructed in a good and workmanlike fashion and completed free of defects and further warranted that the Project, when complete, would be constructed in accordance with the project requirements. Landmark, FaulknerUSA and/or Neches further agreed to obtain similar warranties from subcontractors, including any sub-subcontractors and vendors. Landmark, FaulknerUSA and Neches further failed to correct defective work and defective components of construction, also a breach of warranty.

35. The construction defects of NHC alleged in this lawsuit resulted from Landmark's, FaulknerUSA's and/or Neches' breach of express and implied warranties described

*Defendant ACCA's Third Party Complaint*

herein. Any damages resulting to Plaintiff Ku, including without limitation any damages to his personal property, resulted from Landmark's, FaulknerUSA's and Neches' breach of these warranties. In addition, Landmark, FaulknerUSA and/or Neches are responsible to ACCA for damages it has suffered and continues to suffer as a result of the construction defects caused by Landmark, FaulknerUSA and Neches.

### D.
### NEGLIGENCE

36. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-35.

37. Third Party Defendants BDA 555 Management, Landmark, FaulknerUSA, Neches, Baker, All Star, DSI, Levien-Rich, STG, and Ellerbe Becket (collectively, "Third Parties") had duties to exercise ordinary care, including the ordinary care and prudence that a professional practicing in central Texas would have exercised under the same or similar circumstances, but has breached their respective duty or duties in the design, construction and monitoring of the construction, of the NHC building.

38. The construction defects of NHC alleged in this lawsuit resulted from were the negligence of the Third Parties described herein. Therefore, any damages resulting to Plaintiff Ku, including without limitation any damages to his personal property, were proximately caused by the Third Parties' negligence. In addition, ACCA suffers and continues to suffer damages that are the proximate cause of Third Parties' negligence.

## E.
## CONTRIBUTION

39. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-38.

40. ACCA denies any liability to Plaintiff Ku, and without acknowledging any liability, asserts claims against Third Party Defendants Landmark, FaulknerUSA, Neches, BDA 555 Management, and the subcontractors, for contribution. ACCA requests a determination of the percentage of responsibility of the contribution defendants under the method described in Chapter 33 of the Texas Civil Practices and Remedies Code.

## F.
## INDEMNIFICATION

41. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-40.

42. ACCA further claims that Landmark, FaulknerUSA and/or Neches have agreed to hold harmless and indemnify ACE in an agreement(s) under which ACCA is a contemplated beneficiary. ACCA therefore claims that Landmark, FaulknerUSA and/or Neches have agreed to hold harmless and indemnify ACCA from and against all acts and omissions of Landmark, FaulknerUSA and/or Neches, their consultants, subcontractors and any of their respective agents and employees performing any portion of the work on the NHC building.

## G.
## ATTORNEYS' FEES AND COSTS

43. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-42.

44. ACCA further asserts a claim against Third Party Defendants for its reasonable and necessary attorneys' fees and court costs.

## H.
## OTHER ALLEGATIONS

45. ACCA realleges and incorporates as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-44.

46. ACCA is not required to file a certificate of merit supporting its claims against Third Party Defendants in this case. If and to the extent that a certificate of merit is required for ACCA claim or claims against any Third Party Defendant, a certificate of merit could not be prepared to accompany this Complaint because of the need to file this Complaint within the time allotted under the applicable federal and state rules to avoid the application of the statute of limitations. ACCA may seek to extend the deadline to procure a certificate of merit against any Third Party Defendant(s) should one be deemed necessary.

47. All conditions precedent to ACCA's right to recovery have been performed, have occurred, or have been waived.

48. ACCA's claims alleged in this Complaint are not barred by any statute of limitations. To the extent that any limitations period applies, the discovery rule delays accrual of the causes of action because, under the facts alleged by Plaintiff Ku, ACCA could not have known, through the exercise of reasonable diligence, of the wrongful acts alleged against Third Party Defendants and the injuries that resulted therefrom.

## IV.
## RELIEF REQUESTED

Defendant Austin Convention Condominium Association, Inc. asks the Court award ACCA:

(a) All damages to which it is entitled against the Third Party Defendants;

(b) All attorneys' fees allowed under law or contract;

(c) All pre- and post-judgment interest allowed by law or contract;

(d) All other relief allowed at law or equity.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY

A Professional Corporation
401 Congress Ave.
Suite 2200
Austin, Texas 78701
Telephone: 512/480-5603
Telecopy: 512/536-9913

By: /s/ Matthew Baumgartner

Preston Randall
State Bar No. 16531020
Matthew Baumgartner
State Bar No. 24062605

*ATTORNEYS FOR DEFENDANT AUSTIN CONVENTION CONDOMINIUM ASSOCIATION, INC.*

*Defendant ACCA's Third Party Complaint*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> W. Wade Porter
> Christopher A. Griesel
> 620 Congress Avenue, Suite 100
> Austin, Texas 78701
> *Attorneys for Defendants Austin*
> *Convention Enterprises, Inc. and*
> *Hilton Hotels Corporation*
>
> Lonnie E. Chunn
> Chunn, Price & Harris
> 19115 FM 2252, Suite 11
> San Antonio, Texas 78266
> *Attorneys for The 5 Fifty Five*
> *Condominium Ass'n and Gerard Schneyer*

I further certify that on the 28th day of December, 2009, I served the foregoing via first class mail, return receipt requested, to:

> Winston Ku
> 555 East 5th St. # 525
> Austin, Texas 78701
> *Plaintiff*
>
> Winston Ku
> 445 Island Ave. # 510
> San Diego, California 92101
> *Plaintiff*

Matthew Baumgartner

*Defendant ACCA's Third Party Complaint*