UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WINSTON KU, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| AUSTIN CONVENTION CONDOMINIUM ASSOCIATION, INC; AUSTIN CONVENTION ENTERPRISES, INC; THE 5 FIFTY FIVE CONDOMINIUM ASSOCATION, INC.; GERARD SCHNEYER, AN INDIVIDUAL A/K/A JERRY SCHNEYER, | § § § § § § § § | Civil Action No. A 09 CA 758 SS |
| Defendants. | § § | |

## THIRD-PARTY DEFENDANT JOURNEYMAN CONSTRUCTION, INC.'S ORIGINAL ANSWER

Third-Party Defendant, Journeyman Construction, Inc., successor in interest to Journeyman Construction, L.P. and Journeyman Company Inc. ("Journeyman"), files this original answer to Defendant Austin Convention Condominium Association, Inc.'s Third-Party Complaint.

Plaintiff Ku has alleged diversity jurisdiction, a claim disputed by Journeyman and other Defendants, because Ku and at least one Defendant are both Texas residents. The Court has denied, without prejudice to re-filing, Austin Convention Condominium Association, Inc.'s and other Defendants' respective motions to dismiss for lack of diversity jurisdiction. If, and to the extent that, the Court finds that the requirements of federal diversity jurisdiction do not exist over Plaintiff's claims, this Court has no jurisdiction to decide Austin Convention Condominium Association, Inc.'s Third Party Complaint. The amount put in controversy by this Complaint exceeds $75,000.00.

Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because all of the events giving rise to this claim occurred in this district. All actions described in this Complaint occurred in Austin, Travis County, Texas, which is located within the Western District of Texas.

## A. ADMISSIONS AND DENIALS

1. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 27.

2. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 28.

3. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 29.

4. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 31.

5. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 32.

6. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 34.

7. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 35.

8. Third-Party Defendant denies the allegations in paragraph number 37.

9. Third-Party Defendant denies the allegations in paragraph number 38.

10. Third-Party Defendant denies the allegations in paragraph number 40.

11. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 42.

12. Third-Party Defendant denies the allegations in paragraph number 44.

13. Third-Party Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph number 46.

14. Third-Party Defendant denies the allegations in paragraph number 47.

15. Third-Party Defendant denies the allegations in paragraph number 48.

### B. AFFIRMATIVE DEFENSES

16. Defendant is not liable to Third-Party Plaintiff because:

   a. Third-Party Plaintiff did not have a contract with Journeyman.

   b. Journeyman owed no duty to Third-Party Plaintiff.

   c. Journeyman denies it performed any work at the project as implied in Plaintiff's Original Complaint. The only work performed by Journeyman Construction at 555 5th Street was on the 3rd floor for the interior office finish out of Faulkner USA's offices.

   d. Other parties were contributorily negligent with regards to Plaintiff's alleged damages. Journeyman alleges that other parties' own conduct was negligent, and this conduct proximately caused Third-Party Plaintiff's alleged injury and the injury of the Plaintiff.

   e. Third-Party Plaintiff was proportionately responsible for its alleged damages. Journeyman alleges that other parties are proportionately responsible for the damages, if any, and proportionately responsible for Plaintiff's damages, in whole or in part, due to their own negligence.

   f. Other parties were the sole proximate cause of the alleged damages. Journeyman alleges that it did not cause injury to Plaintiff and that the sole proximate

causes of those injuries were acts or omissions of others.

g. Third-Party Plaintiff and Plaintiff's alleged damages were the result of a new and independent, intervening, or superceding cause. Journeyman alleges that a new and independent cause, namely, the acts and omissions of others, which were unforeseeable to Journeyman, operated to intervene between any acts of Journeyman and any injury suffered by Third-Party Plaintiff or Plaintiff, superceding any liability of Journeyman herein.

h. Third-Party Plaintiff, Plaintiff and or other third parties are proportionately responsible for their alleged damages. Journeyman requests that the trier-of-fact be instructed to determine the percentage of responsibility for all parties for their negligent acts or omissions pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

i. Third-Party Plaintiff and Plaintiff are not entitled to attorneys' fees. Third-Party Plaintiff and Plaintiff are not entitled to recover attorneys' fees from Journeyman because Third-Party Plaintiff and Plaintiff have no contract with Journeyman and further failed to comply with the provisions of Section 38.002 of the Texas Rules of Civil Practice and Remedies Code.

## C. ECONOMIC LOSS RULE

17. Generally, the economic loss rule is not considered an affirmative defense but rather a rule "for interpreting whether a party is barred from seeking damages in an action alleging tort injuries resulting from a contract between the parties."[1] The economic loss rule: (1) bars recovery based on a negligence cause of action where the loss is the subject matter of a contract between the parties and (2) bars recovery of economic losses where the action is against

---

[1] Tarrant County Hosp. Dist. v. GE Automation Servs., 156 S.W.3d 885, 895 (Tex. App.—Fort Worth 2005, no pet.).

the manufacturer or seller of a defective product where the defect results in damage only to the product and not to a person or to other property.[2] The rule applies to tort claims.

18. Furthermore, if a tort claim only seeks benefit of the bargain damages, instead of those damages permitted for negligence, (1) a plaintiff cannot establish an independent injury that is distinct from the economic losses recoverable under a breach of contract claim and (2) the economic loss rule bars any recovery of these damages under the negligence claim."[3] The Texas Supreme Court has clearly defined benefit of the bargain damages: "The 'benefit of the bargain' measure, which utilizes an expectancy theory, evaluates the difference between the value as represented and the value actually received."[4]

19. The Texas Supreme Court clarified its position on the economic loss rule in a 1991 case involving a negligence claim: "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."[5] Therefore, at least when the parties have a contract, such as most (if not all) of these parties do, the economic loss rule is used to bar claims for economic losses to the subject matter of the contract.[6] In this instance the subject matter of the contracts are the condominium units and common elements. "Economic loss has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—without any claim of personal injury or damage

---

[2] *See* Coastal Conduit & Ditching Inc. v. Noram Energy Corp., 29 S.W.3d 282, 285-86 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing Southwestern Bell Tele. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991); Jim Walter Homes Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986); Essex Ins. Co. v. Blount Inc., 72 F. Supp. 2d 722, 724 (E.D. Tex. 1999); Coffey v. Fort Wayne Pools Inc., 24 F. Supp. 2d 671, 687 (N.D. Tex. 1998); American Eagle Ins. Co. v. United Techs. Corp., 48 F.3d 142, 144 (5th Cir. 1995); Hininger v. Case Corp., 23 F.3d 124, 126-27 (5th Cir. 1994); Indelco Inc. v. Hanson Indus. N. Am.-Grove Worldwide, 967 S.W.2d 931, 932-33 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); Brewer v. General Motors Corp., 926 S.W.2d 774, 780 (Tex. App.—Texarkana 1996), aff'd as modified, 966 S.W.2d 56 (Tex. 1998)).
[3] *Sterling Chems.*, 259 S.W.3d at 798 (citing *D.S.A.*, 973 S.W.2d at 664).
[4] Quigley v. Bennett, 227 S.W.3d 51, 56 n.2 (Tex. 2007) (quoting Henry S. Miller Co. v. Bynum, 836 S.W.2d 160, 163 (Tex. 1992)).
[5] Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 495 (Tex. 1991).
[6] *See* Matthew C. Ryan & Shalla E. Santos, *The Exception to the Rule? Negligent Misrepresentation and the Economic Loss Doctrine*, 6 Constr. L. J. 17, 19 (2008).

to other property.'"[7] The economic loss rule, as it relates to contracts, seeks to ensure that a mere failure to receive the benefit of the bargain does not give rise to a tort claim.[8] Texas policy strongly favors enforcing agreements between parties to a contract.[9] Because the relationships in this instance are governed by contract documents, the economic loss rule is of particular significance in this litigation.

20. Plaintiffs' alleged negligence claims are barred by the economic loss rule. The other parties are contractual strangers. Under *the Economic Loss Doctrine*, none of them may recover under any tort theories against Journeyman for a sheer financial loss that is the subject of their respective contracts. Therefore, all tort claims against Journeyman are barred by *the Economic Loss Doctrine*.

## D. PRAYER

21. For these reasons, Third-Party Defendant Journeyman Construction, Inc., asks the Court to enter judgment that Plaintiff and Third-Party Plaintiff take nothing as against Journeyman, dismiss Third-Party Plaintiff's suit with prejudice, assess costs against Third-Party Plaintiff, and award Journeyman Construction, Inc. all other relief the Court deems appropriate.

---

[7] Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing, Inc., 74 S.W.3d 486, 494 (Tex. App.—Texarkana 2002, pet. denied) (quoting *Bass v. City of Dallas*, 34 S.W.3d 1, 9 (Tex. App.—Amarillo 2000, no pet.)) (quoting Thomson v. Espey Huston & Assocs., Inc., 899 S.W.2d 415, 422 (Tex. App.—Austin 1995, no writ)).
[8] Thomson v. Espey Huston & Assocs., Inc., 899 S.W.2d 415, 421 (Tex. App.—Austin 1995, no writ).
[9] Gym-N-I Playgrounds, Inc. v. Snider, 220 S.W.3d 905, 912 (Tex. 2007) ("Texas strongly favors parties' freedom of contract"); BMG Direct Mktg., Inc. v. Peake, 178 S.W.3d 763, 767 (Tex. 2005) ("[C]ontracts . . . shall be held sacred and shall be enforced by Courts of justice. Therefore, you have this paramount public policy to consider— that you are not lightly to interfere with this freedom to contract"); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004) ("As a rule, parties have the right to contract as they see fit as long as their agreement does not violate public policy").

Respectfully submitted,

**FORD, NASSEN & BALDWIN, P.C.**
111 Congress, Suite 1010
Austin, Texas 78701
(512) 275-1781 Direct
(512) 236-0009 Main
(512) 236-0682 Facsimile

By: _____
    Jason C. Spencer
    State Bar No. 00789755

**ATTORNEYS FOR JOURNEYMAN CONSTRUCTION, INC., SUCCESSOR IN INTEREST TO JOURNEYMAN CONSTRUCTION, L.P. AND JOURNEYMAN COMPANY INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of Journeyman Construction Inc.'s Answer to Defendant Austin Convention Condominium Association, Inc.'s Third Party Complaint was electronically filed on February 1, 2010 using the CM/ECF system to which will send notification of such filing to all counsel of record **and via certified mail return receipt requested Plaintiff**:

W. Wade Porter
Christopher A. Griesel
Allensworth and Porter, LLP
620 Congress Avenue, Suite 100
Austin, Texas 78701
wwp@aaplaw.com
*Attorneys for Austin Convention Enterprises, Inc. and Hilton Hotels Corporation*

Lonnie E. Chunn
Chunn, Price & Harris
19115 FM 2252, Suite 11
San Antonio, Texas 78266
lchunn@cphattorneys.com
*Attorneys for the 5 Fifty Five Condominium Association and Gerard Schneyer*

Preston Randall
Matthew Baumgartner
Graves, Dougherty, et al.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
prandall@gdhm.com
*Attorneys for Austin Convention Condominium Association, Inc.*

Winston Ku             **Via Certified Mail, Return Receipt Requested**
555 E. 5th Street, #525
Austin, Texas 78701
winnietheku@earthlink.net
*Pro Se*

                                                            _____
                                                            Jason C. Spencer

105731.2/1433.004