| | |
|---|---|
| WINSTON KU, | ) |
| Plaintiff, | ) ( ) ( |
| v. | ) ( |
| AUSTIN CONVENTION CONDOMINIUM ASSOCIATION, INC.; AUSTIN CONVENTION ENTERPRISES, INC.; HILTON HOTEL CORPORATION; THE 5 FIFTY FIVE CONDOMINIUM ASSOCIATION, INC.; GERARD SCHNEYER, AN INDIVIDUAL A/K/A JERRY SCHNEYER | ) ( ) ( ) ( ) ( ) |
| Defendants. | ( |

Civil Action No. A-09-CA-758-SS

## THIRD PARTY DEFENDANTS LANDMARK ORGANIZATION, INC., LANDMARK ORGANIZATION, L.P., LANDMARK CONSTRUCTORS, INC., FAULKNERUSA, L.P., FAULKNERUSA GP, INC. AND FAULKNERUSA ACQUISITIONS, L.L.P.'S ORIGINAL ANSWER AND DEFENSES TO THE HILTON HOTEL CORPORATION'S THIRD PARTY COMPLAINT

Third-Party Defendants Landmark Organization, Inc., Landmark Organization, L.P., Landmark Constructors, Inc., FaulknerUSA, L.P, FaulknerUSA GP, Inc. and FaulknerUSA Acquisitions, L.L.P. (collectively referred to as the "Landmark/Faulkner Third-Party Defendants") file this Original Answer and Defenses to the Third Party Complaint filed by Defendant Hilton Hotel Corporation (hereafter "Hilton's Third Party Complaint"). In support thereof, the Landmark/Faulkner Third-Party Defendants would show the court the following:

## I.

Generally the Landmark/Faulkner Third-Party Defendants deny each and every allegation contained in Hilton's Third Party Complaint, and demand strict proof of the same. The Landmark/Faulkner Third-Party Defendants further deny that the Hilton Hotel Corporation is entitled to all of the relief which it seeks, or that the Hilton Hotel Corporation has met its burden of proof as to all of the allegations asserted against the Landmark/Faulkner Third-Party Defendants.

## II.
## Parties

1. Landmark/Faulkner Third-Party Defendants admit that Winston Ku is the Plaintiff in this action. Landmark/Faulkner Third-Party Defendants also admit that Plaintiff alleges he is a California resident, but Landmark/Faulkner Third-Party Defendants deny those allegations. Landmark/Faulkner Third-Party Defendants assert that the Plaintiff is in fact a citizen and resident of the State of Texas and there is a lack of diversity jurisdiction that exists. Landmark/Faulkner Third-Party Defendants admit that at the time suit was filed, Mr. Ku was a resident of Texas and the owner of two apartments in the 555 Condominiums in Austin, Texas.

2. Landmark/Faulkner Third-Party Defendants admit that Hilton Hotel Corporation is a defendant. Landmark/Faulkner Third-Party Defendants admit that Hilton Hotel Corporation has been served, made an appearance, and answered.

3. Landmark/Faulkner Third-Party Defendants admit that Austin Convention Condominium Association, Austin Convention Enterprises, Inc., The Five Fifty Five Condominium Association and Gerard Schneyer are defendants in this case and have been served and made an appearance.

4. Landmark/Faulkner Third-Party Defendants admit generally.

5. Landmark/Faulkner Third-Party Defendants admit generally.

6. Landmark/Faulkner Third-Party Defendants admit generally.

7. Landmark/Faulkner Third-Party Defendants admit generally.

8. Landmark/Faulkner Third-Party Defendants admit generally.

9. Landmark/Faulkner Third-Party Defendants admit generally.

10. Landmark/Faulkner Third-Party Defendants admit generally.

11. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph eleven.

12. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph twelve.

13. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph thirteen.

14. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph fourteen.

15. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph fifteen.

16. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph sixteen.

17. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph seventeen.

18. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph eighteen.

19. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph nineteen.

20. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph twenty.

21. Landmark/Faulkner Third-Party Defendants admit generally this statement.

22. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny the information stated in paragraph twenty-two or the related statements.

### III.

### Jurisdiction

23. Landmark/Faulkner Third-Party Defendants admit that Plaintiff has alleged diversity jurisdiction exists in this case, but the Landmark/Faulkner Third-Party Defendants vigorously dispute this claim because Plaintiff and at least one of the Landmark/Faulkner Third-Party Defendants are both citizens of Texas. The Landmark/Faulkner Third-Party Defendants previously filed with this Court a motion to dismiss the Plaintiff's lawsuit asserting lack of diversity jurisdiction and subject matter jurisdiction. Landmark/Faulkner Third-Party Defendants admit that the prior motion to dismiss was denied., but asserts again the arguments contained in the same. The Landmark/Faulkner Third-Party Defendants admit that if diversity jurisdiction does exist the Court has jurisdiction. The Landmark/Faulkner Third-Party Defendants lack sufficient knowledge at this time about whether the amount in controversy exceeds $75,000.

24. The Landmark/Faulkner Third-Party Defendants admit that if the court has subject matter jurisdiction in this case, then venue is proper in the Western District of Texas.

IV.

**Facts and Cross Claims**

25. Admit that Plaintiff resides at the 555 Condominiums.

26. Admit that the 555 Condominiums are part of the Neches Hotel Condominiums.

27. Admit that Plaintiff's units are located in the Neches Hotel Condominiums.

28. Landmark/Faulkner Third-Party Defendants admit to building the initial structure for the Neches Hotel Condominiums, but deny participating in any design or building construction related to the finish out of those condominium units.

29. Landmark/Faulkner Third-Party Defendants deny the allegation that FaulknerUSA, Landmark, and Neches are associated companies.

30. Landmark/Faulkner Third-Party Defendants admit that FaulknerUSA, Landmark, and Neches have shared a variety of officers and corporate personnel, including Mark F. Schultz.

31. Landmark/Faulkner Third-Party Defendants admit that Plaintiff has alleged defective construction related to the construction of the Neches Hotel Condominiums, including construction or design defects in the two condominium units he owns in the Condo Project. Landmark/Faulkner Third-Party Defendants has insufficient information at this time with regard to all of the claims the Plaintiff may have or may be asserting against the Hilton to admit or deny all of these listed theories and statements regarding liability.

32. Landmark/Faulkner Third-Party Defendants admit that Plaintiff has made various allegations that construction defects led to: water penetration and mold, floors defectively

constructed, plumbing and drainage systems that were defectively, inadequately, or improperly constructed, damage to the interior of the condominiums units as a result of water penetration, improper exhaust ventilation and lack of proper sound proofing resulting in excessive noise in the condominium units, and defective construction resulting in excessive noise or other problems in the Neches Hotel Condominiums.

33. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny that employees or contractors of all listed parties have investigated or examined alleged water leaks in Plaintiff's two units.

34. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny that all of the listed parties were informed by their employees or contracts that their employees or contractors work, including the condominium subcontractor's work, or components of the condominium project that Plaintiff complains of was improperly or defectively performed.

35. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny that all of the listed parties designed or constructed all of the components of the condo project Plaintiff complains of. Landmark/Faulkner Third-Party Defendants admit to designing or constructing some of the components.

36. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny that Austin Convention Enterprises contracted with and paid all of the listed parties for the construction of the components of the condo project that Plaintiff complains of.

37. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny that BDA 555 Management, L.L.C. had a duty to construct and monitor the condo project, including those components of the condo project that Plaintiff complains of.

38. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny that Austin Convention Enterprises paid BDA 555 Management, L.L.C. for the monitoring of construction of the condo project, including those components of the condo project that Plaintiff complains of.

39. Landmark/Faulkner Third-Party Defendants admit that Hilton has now filed a third party action against Landmark, FaulknerUSA, Neches, the condo subcontractors, and BDA 555 Management, L.L.C. Landmark/Faulkner Third-Party Defendants lack sufficient information to admit or deny which of the listed parties were responsible for any construction defects in the condo project complained of and the resulting damage, if any.

### A. Claim for Contribution

40. Landmark/Faulkner Third-Party Defendants incorporate, as if fully set forth herein, the admissions and denials contained in 1-39 above.

41. Landmark/Faulkner Third-Party Defendants deny Hilton's cross claims for contribution against the Landmark/Faulkner Third-Party Defendants, and lacks sufficient information at this time to admit or deny the cross claims by Hilton against the other named parties.

### B. Claim for Attorney's Fees and Costs

42. Landmark/Faulkner Third-Party Defendants incorporate, as if fully set forth herein, the admissions and denials contained in 1-39 above.

43. Landmark/Faulkner Third-Party Defendants deny the cross claims by Hilton for reasonable and necessary attorney's fees and costs.

### C. Other Allegations

44. Landmark/Faulkner Third-Party Defendants lacks sufficient information at this time to admit or deny that Hilton is not required to file a certificate of merit regarding its claims against the various named parties. The remaining statements regarding what Hilton may do in the future do not require a response on the part of the Landmark/Faulkner Third-Party Defendants.

45. Landmark/Faulkner Third-Party Defendants deny all conditions precedent to recovery have been performed or occurred, as well as the remaining statements in paragraph forty-five.

## V.

## Relief Requested

Landmark/Faulkner Third-Party Defendants deny that Hilton is entitled to damages against the Landmark/Faulkner Third-Party Defendants or recovery of attorneys' fees or pre-judgment and post-judgment interest from the Landmark/Faulkner Third-Party Defendants, but l lack information at this time to admit or deny if Hilton is entitled to damages against the other named parties. Landmark/Faulkner Third-Party Defendants themselves pray for a judgment dismissing Hilton's Third Party Complaint and for all and such further relief to the Landmark/Faulkner Third-Party Defendants which the Court may deem just.

## VI.

## Landmark/Faulkner Third-Party Defendants' Initial Defenses

### A. First Defense

Plaintiff's claims forming the basis for this litigation should be dismissed for lack fo subject matter jurisdiction and lack of complete diversity as previously asserted by the Landmark/Faulkner Third-Party Defendants. The Landmark/Faulkner Third-Party Defendants

urge the Court to re-consider its previous motions and dismiss the Plaintiff's lawsuit and then accordingly Hilton's Third Party Complaint.

## B. Second Defense

Hilton's claims against the Landmark/Faulkner Third-Party Defendants are barred, in whole or in part, to the extent they are inconsistent with or contrary to the terms and provisions of any agreement between those parties, or involve subject matters or cover areas of work not performed by the Landmark/Faulkner Third-Party Defendants.

## C. Third Defense

To the extent Hilton fails, in whole or part, to state a claim upon which relief can be granted against the Landmark/Faulkner Third-Party Defendants those claims are barred.

## D. Fourth Defense

Hilton's claims are also barred in whole or in part by the failure of Hilton to perform all conditions precedent.

## E. Other Defenses

Landmark/Faulkner Third-Party Defendants reserve their right to assert other defenses which may be applicable and are allowed by law as discovery proceeds in this litigation. Landmark/Faulkner Third-Party Defendants presently have insufficient knowledge and information as to whether or not additional, undetermined defenses may be available to them as even basic discovery has not been completed. Accordingly, the Landmark/Faulkner Third-Party Defendants reserve their right to assert additional defenses that may be revealed through further investigation, discovery, and/or related proceedings.

## VII. PRAYER

WHEREFORE, Third-Party Defendants Landmark Organization, Inc., Landmark Organization, L.P., Landmark Constructors, Inc., FaulknerUSA, L.P, FaulknerUSA GP, Inc. and FaulknerUSA Acquisitions, L.L.P. (collectively referred to as the "Landmark/Faulkner Third-Party Defendants") deny that they are in any way liable to the Hilton and/or the Plaintiff and respectfully request that the Court deny any and all relief requested by the Hilton in Hilton's Third Party Complaint. The Landmark/Faulkner Third-Party Defendants pray that all claims be dismissed, that the Hilton take nothing from the Landmark/Faulkner Third-Party Defendants, and that they be awarded all such other and further relief as the Court may deem proper.

Respectfully submitted,

**SPARR, BREWSTER & GEERDES, INC.**
1313 N.E. Loop 410, Suite 100
San Antonio, Texas 78209
Telephone: (210) 828-6500
Telecopier: (210) 828-5444

By: _____
Richard A. Sparr, Jr.
State Bar No.18887300

ATTORNEYS FOR THE LANDMARK/FAULKNER
THIRD-PARTY DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Preston Randall
Matthew Baumgartner
GRAVES, DOUGHERTY, HEARON & MOODY
401 Congress Avenue, Suite 2200
Austin, Texas 78701

W. Wade Porter
Christopher A. Greisel
ALLENSWORTH & PORTER, LLP
620 Congress Avenue, Suite 100
Austin, Texas 78701

Lonnie E. Chunn
CHUNN, PRICE & HARRIS
19115 FM 2252, Suite 11
San Antonio, Texas 78266

Gregory R. Travis
TRAVIS & PORTELE, P.C.
2700 Post Oak Blvd., Suite 900
Houston, TX 77056

Don W. Kothman
Donald Wayne Holcomb
KNOLLE, HOLCOMB, KOTHMANN & CALLAHAN, P.C.
7600 North Capital of Texas Highway
Building B, Suite 110
Austin, TX 78731

Casey L. Dobson
SCOTT, DOUGLASS & MCCONNICO
600 Congress Avenue, Suite 1500
Austin, TX 78701

Jason Clay Spencer
FORD NASSEN & BALDWIN PC
111 Congress Avenue, Suite 1010
Austin, TX 78701

Christopher S. Stacy
Matthew J. Sullivan
DUBOIS BRYANT & CAMPBELL LLP
700 Lavaca Street, Suite 1300
Austin, TX 78701

Brian J. Judis
LAW OFFICES OF BRIAN J. JUDIS
The Stone Cliff Building
7801 Capital of Texas Hwy., Suite 390
Austin, TX 78731

    I further certify that on the 4 day of March, 2010, I served the foregoing via first class mail, return receipt requested, to:

*Pro Se*
Winston Ku
555 East 5th Street, #525
Austin, Texas 78701

Winston Ku
445 Island Avenue, #510
San Diego, California 92101

_____
Richard A. Spahr, Jr.