IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WINSTON KU, )( | |
|     Plaintiff )( | |
| )( | |
| v. )( | |
| )( | |
| AUSTIN CONVENTION CONDOMINIUM )( | |
| ASSOCIATION, INC.; AUSTIN )( | Civil Action No. A-09-CA-758-SS |
| CONVENTION ENTERPRISES, INC.; )( | |
| HILTON HOTEL CORPORATION; THE 5 )( | |
| FIFTY FIVE CONDOMINIUM )( | |
| ASSOCIATION, INC., GERARD )( | |
| SCHNEYER, AN INDIVIDUAL A/K/A )( | |
| JERRY SCHNEYER )( | |
| )( | |
|     Defendants )( | |

**THIRD PARTY DEFENDANTS LANDMARK ORGANIZATION, INC., LANDMARK ORGANIZATION, L.P., LANDMARK CONSTRUCTORS, INC., FAULKNERUSA, L.P., FAULKNERUSA GP, INC., AND FAULKNERUSA ACQUISITIONS, L.L.P'S CROSS-CLAIM**

Third-Party Defendants Landmark Organization, Inc., Landmark Organization, L.P., Landmark Constructors, Inc., FaulknerUSA, L.P., FaulknerUSA GP, Inc. and FaulknerUSA Acquisitions, L.L.P. (collectively referred to as "Landmark/Faulkner Third Party Defendants") file this Cross-Claim and in support thereof, would show the court the following:

I.

**PARTIES**

1. Mr. Winston Ku is the Plaintiff and owns property located at 445 Island Avenue, #510, San Diego, CA 92101 and at The 555 Condominiums, 555 East 5th Street, Austin, Texas, 78701, #525 and #527. Units #525 and #527 of The 555 Condominiums are located within the

building known as Neches Hotel Condominiums ("NHC"). Mr. Ku claims to be a California resident, but the Landmark/Faulkner Third-Party Defendants deny this.

2. Austin Convention Condominium Association, Inc., ("ACCA") is a Defendant in this case and has been served, made an appearance and answered.

3. Austin Convention Enterprises, Inc. ("ACE"), Hilton Hotel Corporation ("Hilton"), The Five Fifty Five Condominium Association ("555 COA"), and Gerard Schneyer ("Schneyer") are Defendants in this case and have been served and have made their appearances.

4. Third Party Defendant All Star Speciality Construction, Inc., formerly known as All Star Residential, Inc., ("All Star") is a Third Party Defendant in this case, and has been served and have made its appearance.

5. Third Party Defendant Journeyman Construction, Inc., successor in interest to Journeyman Construction L.P. and Journeyman Company, Inc., ("Journeyman") is a Third Party Defendant in this case, and has been served, and has made its appearance.

6. Third Party Defendant H.L. Hotels, L.P., is a Third Party Defendant in this case, and has been served, and has made its appearance.

7. Third Party Defendant Hotel Corporation of America, Inc., is a Third Party Defendant in this case, and has been served, and has made its appearance.

8. Third Party Defendant Neches Street Partners, L.P., is a Third Party Defendant in this case, and has been served, and has made its appearance.

9. Third Party Defendant Baker Concrete Construction, Inc., ("Baker") is a Third Party Defendant in this case, and has been served, and has made its appearance.

10. Third Party Defendant Levien-Rich Associates, Inc., ("Levien-Rich") is a foreign

corporation organized under the laws of the State of New York, and whose principal place of business is 532 Fifth Avenue, Pelham, New York 10803, Westchester County, New York. The corporation's charter appears to have been forfeited on or around February, 2006. Levien-Rich may be served by serving the Texas Secretary of State, 1010 Brazos, Austin, Texas 78701, as its agent for service because its corporate charter has been forfeited.

11. Third Party Defendant S.T.G. Design, Inc., ("STG") is a Third Party Defendant in this case, and has been served, and has made its appearance.

12. Third Party Defendant BDA 555 Management, L.L.C., ("BDA 555 Management") is a Third Party Defendant in this case, and has been served, and has made its appearance.

13. Landmark Organization, L.P, Landmark Constructors Inc. and Landmark Organization, Inc. are collectively referred to as "Landmark." FaulknerUSA, L.P., FaulknerUSA GP, Inc. and Faulkner USA Acquisitions, L.L.C. are collectively referred to as "FaulknerUSA." The Landmark and FaulknerUSA parties are collectively referred to as the "Landmark/Faulkner Third Party Defendants." H.L. Hotels L.P., Hotel Corporation of America Inc., and Neches Street Partners L.P. are collectively referred to as "Neches." All Star Speciality Construction, Inc. and Journeyman Construction Inc. are referred to collectively as "All Star."

14. FaulknerUSA Acquisitions, L.L.P., ("Acquisitions") is not a proper party to this suit. All references in this Cross-Claim to any Faulkner party in this suit, by the Landmark/Faulkner Third Party Defendants, specifically excludes Acquisitions, unless specifically noted the contrary.

## II.

## JURISDICTION

15. Plaintiff Ku has alleged diversity jurisdiction, a claim disputed by the

Landmark/Faulkner Third Party Defendants and the other Defendants, because Ku and at least one Defendant are both Texas residents. The Court has denied, without prejudice to refiling, the Landmark/Faulkner Third Party Defendants' and the other Defendants' respective motions to dismiss for lack of diversity jurisdiction. If, and to the extent that the Court finds that the requirements of federal diversity jurisdiction exists over Plaintiff's claims, this Court has jurisdiction to decide Landmark/Faulkner Third Party Defendants' cross-claims. The amount put in controversy by the Complaint exceeds $75,000.00

16. Venue is proper in this district under 28 U.S.C. Section 1391 (a)(2) because all of the events giving rise to this claim occurred in this district. All actions described in the Complaint occurred in Austin, Travis County, Texas, which is located within the Western District of Texas.

### III.

### CROSS-CLAIMS AGAINST DEFENDANTS AND THIRD PARTIES

#### A.

#### FACTUAL BACKGROUND

17. Plaintiff's lawsuit alleges damages to two residential condominium units at the 555 Condominiums. The 555 Condominiums make up one part - the Residential Unit - of the Neches Hotel Condominiums ("NHC" or "NHC building"), a mixed-used commercial and residential condominium project. The other parts of the NHC include a Hotel Unit, and a Retail Unit. The NHC was developed and built by Landmark, FaulknerUSA and Neches. Acquisitions had no role in the NHC or the NHC building. BDA 555 Management was organized and created for the purpose of procuring and monitoring the construction of some or all of the NHC building, including the portions of which Plaintiff Ku complains.

18. Third Party Defendants Baker, All Star, STG, and Levien-Rich (sometimes collectively referred to as "subcontractors") were engaged by Landmark, FaulknerUSA and/or Neches to perform design, construction and/or monitoring of construction work on the NHC building, including components of the building complained of by Plaintiff Ku.

19. Plaintiff alleges that the NHC building was designed and constructed with significant defects. Plaintiff's units are on the 5th floor of the NHC, one floor below the Hotel Unit's banquet kitchen room. Plaintiff alleges leaks from the kitchen floor into his units. In particular, Plaintiff alleges (1) floors and ceilings were defectively constructed such that substantial noise and water penetrate into resident units; (2) floors were defectively constructed without the necessary water barrier, leading to water penetration and mold; (3) plumbing and drainage systems were inadequately or improperly designed and built; (4) improper exhaust ventilation and improper or nonexistent sound-proofing has resulted in excessive noise penetration into residential units; (5) improperly designed and constructed kitchen and banquet facilities in the Hotel Unit have resulted in excessive noise penetration into residential units.

20. FaulknerUSA, Landmark and/or Neches, with the assistance of the subcontractors, designed and constructed all of the components of the NHC building of which Plaintiff complains. BDA 555 Management had a duty to procure, and to monitor the construction of some portion of the NHC building project, including the portions of the Residential Unit of which Plaintiff Ku complains. ACE owns the Hotel Unit, including the banquet kitchen and facilities of which Plaintiff Ku complains. Hilton manages the Hotel Unit and controls the Hotel Unit's personnel, equipment, and instrumentalities. ACCA is responsible for the operation, maintenance, repair and replacement of the common areas of the NHC and NHC building, including but not limited to the area between

the 5th and 6th floors, being the area of the NHC building of which Plaintiff complains. 555 COA manages The 555 Condos.

21. Plaintiff also alleges defects in the design and construction of the NHC building, and he has alleged water penetration from the sixth floor kitchen into the fifth floor residential units.

B.

**BREACH OF CONTRACT**

The Landmark/Faulkner Third Party Defendants assert the following claims arising out of these facts:

22. The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1-21.

23. ACCA, ACE, Hilton, 555 COA, All Star, Journeyman, HL Hotels, GP, Hotel Corporation of America, Inc., Neches Street Partners, L.P., Baker, Levien-Rich, STG, and BDA 55 Management are referred to collectively herein as the "Cross Defendants." The Landmark/Faulkner Third Party Defendants were either parties to or were contemplated and/or extended beneficiaries of agreements with ACCA, ACE, Hilton, 555 COA, All Star, Journeyman, HL Hotels, GP, Hotel Corporation of America, Inc., Neches Street Partners, L.P., Baker, Levien-Rich, STG, and BDA 55 Management, for the construction of the NHC Building. The Cross Defendants therefore had duties to the Landmark/Faulkner Third Party Defendants to (1) construct the NHC Building in accordance with the applicable plans, specifications, and contract documents and (2) to properly monitor or inspect construction and report any material deviations from the plans, specifications, and contract documents, (3) to perform all work on the NHC building in a diligent and careful manner, using the prevailing commercially reasonable standards of care applicable to the construction industry; and

(4) to operate, maintain, repair and replace common elements in the NHC building according to the provisions of the applicable agreements and in a diligent and careful manner, using the prevailing commercially reasonable standards of care applicable in the 1st class hotel and condominium industry.

24. The construction defects alleged in this lawsuit resulted from the Cross-Defendants' breaches of contractual duties described herein. Any damages resulting to Plaintiff Ku, including without limitation any damages to his personal property, resulted from the Cross Defendants' breaches of their contractual duties. In addition, the Cross Defendants, jointly and severally, are responsible to the Landmark/Faulkner Third Party Defendants for damages the Landmark/Faulkner Third Party Defendants have suffered and continue to suffer as a result of the breaches of the contracts.

## C.

## **BREACH OF WARRANTY**

25. The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1 - 24.

26. The Cross Defendants warranted to the Landmark/Faulkner Third Party Defendants that, among other things, the NHC building would be constructed in a good and workmanlike fashion, completed free of defects, that the Project, when complete, would be constructed in accordance with the project requirements, and that the NHC building and its components would be operated, and maintained as a 1st class hotel and condominium project. The Cross Defendants breached their warranties by failing to correct defective work and defective components of construction and by failing to operate, maintain repair and replace the common elements of the NHC

building as required.

27.     The construction defects of the NHC building, alleged in this lawsuit, resulted from the Cross Defendants' breach of express and implied warranties described herein. Any damages resulting to Plaintiff Ku, including without limitation any damages to his personal property, resulted from the Cross Defendants' breach of these warranties. In addition, the Cross Defendants are responsible to the Landmark/Faulkner Third Party Defendants for damages the Landmark/Faulkner Third Party Defendants have suffered and continue to suffer as a result of the breaches of warranties and construction defects caused by the Cross Defendants.

D.

### NEGLIGENCE

28.     The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1 - 27.

29.     The Cross Defendants had duties to exercise ordinary care, including the ordinary care and prudence that a professional practicing in central Texas would have exercised under the same or similar circumstances, but have breached their respective duty or duties in the design, construction, monitoring of the construction, operation and maintenance of the NHC building.

30.     The construction defects of the NHC Building, alleged in this lawsuit, resulted from the negligence of the Cross Defendants described herein. Therefore, any damages resulting to Plaintiff Ku, including without limitation any damages to his personal property, were proximately caused by the Cross Defendants' negligence. In addition, the Landmark/Faulkner Third Party Defendants suffer and continue to suffer damages that are the proximate cause of the Cross Defendants' negligence.

# E.

## CONTRIBUTION

31. The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1 - 30.

32. The Landmark/Faulkner Third Party Defendants deny any liability to Plaintiff Ku, and without acknowledging any liability, assert claims against the Cross Defendants for contribution. The Landmark/Faulkner Third Party Defendants request a determination of the percentage of responsibility of the contribution defendants under the method described in Chapter 33 of the Texas Civil Practices and Remedies Code.

# F.

## INDEMNIFICATION

33. The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1 - 32.

34. The Landmark/Faulkner Third Party Defendants further claim that the Cross Defendants agreed to hold harmless and indemnify the Landmark/Faulkner Third Party Defendants in agreement(s) to which the Landmark/Faulkner Third Party Defendants and the Cross Defendants are either parties, or to which the Landmark/Faulkner Third Party Defendants are named beneficiaries or intended beneficiaries. The Cross Defendants have agreed to hold harmless and indemnify the Landmark/Faulkner Third Party Defendants from and against all acts and omissions of the Cross Defendants, their consultants, subcontractors and any of their respective agents and employees performing any portion of the work on the NHC building.

# G.

## ATTORNEYS' FEES AND COSTS

35. The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1 - 34.

36. The Landmark/Faulkner Third Party Defendants further assert a claim against the Cross Defendants, jointly and severally, for the reasonable and necessary attorneys' fees and court costs of the Landmark/Faulkner Third Party Defendants.

### H.

## OTHER ALLEGATIONS

37. The Landmark/Faulkner Third Party Defendants reallege and incorporate as if fully set forth verbatim herein, the facts and allegations contained in the preceding paragraphs nos. 1 - 36.

38. The Landmark/Faulkner Third Party Defendants are not required to file a certificate of merit supporting their claims against the Cross Defendants in this case. If and to the extent that a certificate of merit is required for Landmark/Faulkner Third Party Defendants' claim or claims against any Cross Defendant, a certificate of merit could not be prepared to accompany this Cross Claim because of the need to file this Cross claim within the time allotted under the applicable federal law and the Scheduling Order to avoid the application of the statute of limitations and preclusion of claims by the Scheduling Order. The Landmark/Faulkner Third Party Defendants may seek to extend the deadline to procure a certificate of merit against any Cross Defendant, should one be deemed necessary.

39. All conditions precedent to the Landmark/Faulkner Third Party Defendants' right to recovery have been performed, have occurred, or have been waived.

40. The Landmark/Faulkner Third Party Defendants' claims alleged in this Cross Claim

are not barred by any statute of limitations. To the extent that any limitations period applies, the discovery rule delays accrual of the causes of action because, under the facts alleged by Plaintiff Ku, the Landmark/Faulkner Third Party Defendants could not have known, through the exercise of reasonable diligence, of the wrongful acts alleged against the Cross Defendants and the injuries that resulted therefrom.

## IV.

## RELIEF REQUESTED

The Landmark/Faulkner Third Party Defendants ask the Court award to them:

(I) All damages to which they are entitled against the Cross Defendants, jointly and severally;

(ii) All attorneys' fees allowed under law or contract;

(iii) All pre- and post-judgment interest allowed by law or contract; and

(iv) All other relief allowed at law or equity.

Respectfully submitted,

SPARR, BREWSTER & GEERDES, INC.
1313 N.E. Loop 410, Suite 100
San Antonio, Texas 78209
(210) 828-6500 - Telephone
(210) 828-5444 - Telecopier

BY:_____
RICHARD A. SPARR, JR.
State Bar No. 18887300
GREGORY W. GEERDES
State Bar No. 00796618
ATTORNEYS FOR DEFENDANTS
LANDMARK ORGANIZATION, INC.,
LANDMARK ORGANIZATION, LP,
LANDMARK CONSTRUCTORS, INC.,

FAULKNERUSA, LP, FAULKNERUSA GP, INC. and FAULKNERUSA ACQUISITIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a copy has been forwarded by electronic service and/or certified mail, RRR to the following:

Preston Randall
Matthew Baumgartner
GRAVES, DOUGHERTY, HEARON & MOODY
401 Congress Avenue, Suite 2200
Austin, Texas 78701

Matt Cano
Christopher A. Greisel
ALLENSWORTH & PORTER, LLP
620 Congress Avenue, Suite 100
Austin, Texas 78701

Lonnie E. Chunn
CHUNN, PRICE & HARRIS
19115 FM 2252, Suite 11
San Antonio, Texas 78266

Gregory R. Travis
TRAVIS & PORTELE, P.C.
2700 Post Oak Blvd., Suite 900
Houston, TX 77056

Don W. Kothman
Donald Wayne Holcomb
KNOLLE, HOLCOMB, KOTHMANN & CALLAHAN, P.C.
7600 North Capital of Texas Highway
Building B, Suite 110
Austin, TX 78731

Casey L. Dobson
SCOTT, DOUGLASS & MCCONNICO
600 Congress Avenue, Suite 1500
Austin, TX 78701

Jason Clay Spencer
FORD NASSEN & BALDWIN PC
111 Congress Avenue, Suite 1010
Austin, TX 78701

Christopher S. Stacy
Matthew J. Sullivan
DUBOIS BRYANT & CAMPBELL LLP
700 Lavaca Street, Suite 1300
Austin, TX 78701

Brian J. Judis
LAW OFFICES OF BRIAN J. JUDIS
The Stone Cliff Building
7801 Capital of Texas Hwy., Suite 390
Austin, TX 78731

*Pro Se*
Winston Ku
555 East 5th Street, #525
Austin, Texas 78701

Winston Ku
445 Island Avenue, #510
San Diego, California 92101

Mr. Michael J. Portele
Travis & Portele
2700 Post Oak Blvd., Suite 900
Houston, Texas 77056

          /s/Richard A. Sparr, Jr.
          Richard A. Sparr, Jr.
          Gregory W. Geerdes